```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    JACKSONVILLE DIVISION


MALACHI SMITH,

          Petitioner,

vs.                                 Case No. 3:10-cv-562-J-37JRK

SECRETARY, DOC, etc.;
et al.,

          Respondents.
```
_____

### ORDER OF DISMISSAL WITH PREJUDICE

Petitioner initiated this action by filing a Petition (Doc. #1) (hereinafter Petition) for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 25, 2010.[1]  He challenges his 2002[2] Duval County conviction for armed robbery.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA), there is a one-year period of limitations:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of

---

[1] The Petition was filed with the Clerk on June 30, 2010; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner provided his Petition to prison authorities for mailing to this Court (June 25, 2010).  See Houston v. Lack, 487 U.S. 266, 276 (1988).  The Court will also give Petitioner the benefit of the mailbox rule with respect to his inmate *pro se* state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

[2] The judgment and sentence was entered on August 5, 2002.

>habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that Petitioner has not complied with the one-year period of limitations as set forth in this subsection. See Respondents' April 25, 2011, Answer, Motion to Dismiss and Response to Discovery Request (Doc. #20) (hereinafter Response).

In support of their contentions, they have submitted some exhibits, although much of the state court post-conviction record was not provided to the Court.³  See Index to Exhibits (Doc. #21). Petitioner was given admonitions and a time frame to respond to the request to dismiss the Petition contained within the Response.  See Order (Doc. #6).  Petitioner filed a Reply to Response (Doc. #29).

After a jury trial, Petitioner was found guilty of armed robbery.  Ex. 1 at 83.  The judgment and sentence was entered on August 5, 2002.  Id. at 97-102.  Petitioner appealed, id. at 108, and the conviction was affirmed on February 25, 2004.  Smith v. State, 869 So.2d 547 (Fla. 1st DCA Feb. 25, 2004) (Table); Ex. 6. His conviction became final on May 25, 2004 (90 days after February 25, 2004) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion.").⁴

Petitioner filed a petition for writ of habeas corpus alleging ineffective assistance of appellate counsel in the First District

---

³ The Court will hereinafter refer to Respondents' exhibits as "Ex."

⁴ The Court has thoroughly reviewed the case history of Smith v. State, 869 So.2d 547 (Fla. 1st DCA Feb. 25, 2004) (Table), the affirmance on direct appeal, and found no record of a petition for certiorari being filed or addressed.  Petitioner notes that he did not file a petition for certiorari.  Petition at 2.

3

Court of Appeal on June 18, 2004.[5]  Smith v. State, No. 1D04-2690 (Docket) (Fla. 1st DCA June 18, 2004) (hereinafter Docket).  It was denied on the merits on July 22, 2004.  Smith v. State, 880 So.2d 792 (Fla. 1st DCA July 22, 2004) (per curiam).

Thereafter, on August 5, 2004, Petitioner filed his first Rule 3.850 motion.  Ex. 7 at 1-36.  After argument, id. at 102-80, the trial court entered an Order Denying Defendant's Motion for Post-conviction Relief.  Id. at 67-99.  Petitioner appealed.  Id. at 100-101.  The First District Court of Appeal affirmed per curiam.  Smith v. State, 939 So.2d 98 (Fla. 1st DCA Aug. 18, 2006) (Table); Ex. 8.  The mandate issued on October 17, 2006.  Ex. 9.

Petitioner filed a Rule 3.800 motion in the circuit court.  Neither the Petitioner nor the Respondents have provided the Court with the date the motion was filed or with a copy of the motion, although Petitioner mentions the motion.  Petition at 3.  However, after the motion was denied, Petitioner filed a notice of appeal in the First District Court of Appeal on November 17, 2006.  Smith v. State, No. 1D06-5949 (Docket) (Fla. 1st DCA Nov. 17, 2006) (hereinafter 3.800 Docket).  The state appellate court affirmed on April 30, 2007.  Smith v. State, 955 So.2d 571 (Fla. 1st DCA Apr. 30, 2007) (Table).  No motion for rehearing was filed, and the mandate issued on May 29, 2007.  (3.800 Docket).  See Nix v. Sec'y

---

[5] This document has not been submitted to the Court by the Respondents.  It was not referenced by Petitioner in the Petition.

for the Dep't of Corr., 393 F.3d 1235, 1237 (11th Cir. 2004) (per curiam), cert. denied, 545 U.S. 1114 (2005) (noting post-conviction reviews are not final until the time for filing a motion for rehearing expires).

On September 3, 2008, Petitioner filed a second Rule 3.850 motion. Ex. 10 at 1-31. The trial court entered an order denying the motion, finding that everything alleged in the second Rule 3.850 motion was known or should have been known to Petitioner and/or his counsel within the time allowed for filing motions under Rule 3.850, and concluding the motion was procedurally barred as untimely. Id. at 32-33. Petitioner sought rehearing, id. at 34-36, and rehearing was denied. Id. at 37. Petitioner appealed the denial of his second Rule 3.850 motion, id. at 38, and the First District Court of Appeal affirmed per curiam. Smith v. State, 36 So.3d 661 (Fla. 1st DCA Apr. 1, 2010) (per curiam) (unpublished disposition), reh'g denied, (May 24, 2010); Ex. 11. The mandate issued on June 9, 2010. Ex. 12.

The Petition, filed June 25, 2010, is due to be dismissed as untimely unless Petitioner can avail himself of one of the statutory provisions which extends or tolls the limitations period. Giving the *pro se* Petitioner the benefit of the doubt, the court will assume that the one-year limitations period was tolled until May 29, 2007 (Tuesday), the date the mandate issued on the appeal of the denial of the Rule 3.800 motion.

5

Upon consideration, the one-year limitations period in Petitioner's case began to run on May 30, 2007 (Wednesday). It expired on May 30, 2008 (Friday), utilizing the anniversary method. Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008). Petitioner did not file his second post conviction motion in the state court system until September 3, 2008 (pursuant to the mailbox rule). Ex. 10 at 1-31. This motion did not toll the federal one-year limitations period because it had already expired on May 30, 2008. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam), cert. denied, 531 U.S. 991 (2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Therefore, the Petition was not timely filed in this Court.

Indeed, the second Rule 3.850 motion was not properly filed. See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Petitioner's contention that there was newly discovered evidence was rejected, with the trial court concluding that the allegations were known or reasonably should have been

6

known to the defense at the time of the filing of the first Rule 3.850 motion. Ex. 10 at 32. The trial court found the second Rule 3.850 motion procedurally barred as untimely. Id. at 33.

Based on the foregoing, the Petition is untimely and due to be dismissed unless Petitioner can establish that equitable tolling of the statute of limitations is warranted. The United States Supreme Court set forth a two-prong test for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007); see Downs, 520 F.3d at 1318 (stating that equitable tolling "is a remedy that must be used sparingly"); Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence") (citation omitted). The burden is on Petitioner to make a showing of extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 546 U.S. 1108 (2006); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted). Here, Petitioner simply has not met the burden of showing that equitable tolling is warranted.

Petitioner has not shown any justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. Petitioner had ample time to exhaust state remedies and prepare and file a federal petition. Therefore, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

If Petitioner appeals, the undersigned opines that a certificate of appealability is not warranted. See Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has

rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. If Petitioner appeals, **the Court denies a certificate of appealability.** Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

2. The case is **DISMISSED** with prejudice.

3. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

4. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of October, 2011.

ROY B. DALTON JR.
United States District Judge

```
sa 10/12
c:
Malachi Smith
Ass't A.G. (Duffy)
```